IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** *Respondent* | § § § | |
| v. | § § | P-22-CR-00619-DC<br>P-25-CV-00007-DC |
| **(2) JUAN RICARDO MARTINEZ,** *Movant* | § § § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE AFTER *DE NOVO* REVIEW

Before the Court in the above-styled and numbered cause is Movant Juan Ricardo Martinez's Motion to Vacate. [docket number 98]. *See* 28 U.S.C. §2255. Movant's Motion to Vacate was referred to the United States Magistrate Judge for findings and recommendations. [docket number 100]. *See* 28 U.S.C. §636(b). The Magistrate Judge signed the Report and Recommendation on October 1, 2025, in which he found and recommended that Movant's Motion to Vacate should be denied. [docket number 109]. On November 18, 2025, Movant asked for and was granted additional time to object to the Magistrate Judge's Report and Recommendation. [docket number 114]. On December 4, 2025, Movant filed his 4-page set of Objections. [docket number 120].

The Court has considered Movant's extensive Objections and in light of those Objections, the Court has undertaken a *de novo* review of the entire case file. The Court overrules the Objections.

The Court finds and concludes that the Magistrate Judge's Report and Recommendation is correct and should be accepted and adopted for the reasons stated therein. *See* Fed. R. Civ. P. 72.

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. §2253(c)(1)(A). A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §2253(c)(2).

The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Movant's Motion to Vacate on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not be issued.

It is **ORDERED** that Movant's Objections to the Report and Recommendation are **OVERRULED**.

It is also **ORDERED** that the Report and Recommendation of the United States Magistrate Judge filed October 1, 2025, is **ACCEPTED AND ADOPTED.**

It is further **ORDERED** that Movant's Motion to Vacate, filed pursuant to 28 U.S.C. §2255, is **DENIED AND DISMISSED WITH PREJUDICE**.

It is finally **ORDERED** that a Certificate of Appealability **WILL NOT ISSUE**.

It is so **ORDERED**.

**SIGNED this 29th day of December, 2025.**

_____
**DAVID COUNTS**
**UNITED STATES DISTRICT JUDGE**